CARMEN ZARAGOZA, Plaintiff and Appellee, *v.* EMILIA SANTIAGO, Defendant and Appellant.

No. 7498. Argued May 17, 1937.—Decided May 20, 1937.

*Luis Lloréns Torres* and *F. de la Torre* for appellant. *José E. Segarra* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On January 28, 1932, the defendant-appellant executed a promissory note which in its pertinent part reads as follows:

"I promise to pay to the holder by assignment of the present obligation on January 28, 1933, the sum of Five Hundred Dollars value received, to secure which and interest thereon at the rate of one per cent per month, payable at the end of each month, and the sum of One Hundred Dollars as penalty for costs, expenses, and attorney's fees in case of judicial claim, I have constituted a mortgage on a house and lot, etc."

On the same date of its execution, said promissory note was assigned by the defendant to Mr. Augusto Malaret and

by the latter to plaintiff, who brought an ordinary action, demanding judgment for $500 as principal, $100 as interest for one year and eight months, and $100 as stipulated penalty for costs, expenses, and attorney's fees. The default of defendant having been noted in due time, the clerk of the District Court of San Juan, upon motion of the plaintiff, rendered and entered judgment in accordance with the prayer of the complaint. The defendant appealed. The plaintiff-appellee now* asks that the appeal be dismissed as frivolous and that appellant be adjudged to pay the costs and fees of this appeal, in accordance with Act No. 69 of 1936 (Session Laws, p. 352). In support of her appeal, the appellant urges:

That the court erred in rendering judgment through its clerk, because in accordance with subdivision 1 of section 194 of the Code of Civil Procedure, the clerk can render judgment by default, when *a single contract for the payment of· money* is alleged in the complaint, executed between plaintiff and defendant; and that in the complaint in the instant case the executions of the promissory note and mortgage are pleaded, and also the two assignments to Malaret and to plaintiff, which are two separate contracts.

The frivolousness of this contention is obvious and apparent. The Code of Civil Procedure provides:

"Section 194.—Judgment may be had, if the defendant fail to answer the complaint, as follows:

"1. In an action arising upon contract for the recovery of money . . . . if no answer has been filed with the secretary of the court within the time specified in the summons. . .; the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs, against the defendant, . . . . in the cases provided for in section 96."

The action exercised in the instant case arises upon a contract, whereby the defendant agreed to pay a certain sum of money, together with interest thereon at the agreed rate, and a stipulated sum as liquidated penalty to cover costs and attorney's fees, to the person who at the time of maturity or

subsequently might be the holder by assignment of the note evidencing the obligation. There is only a single obligation, that of paying; a single person bound to pay, the maker of the note; and a single person entitled to demand compliance with the obligation, the person acquiring the note by assignment.

It is evident that when it is sought to recover sums of money expressly fixed in the contract or which can be determined easily by a simple arithmetical operation, as in the instant case, the clerk of the court may note the default of the defendant and enter a judgment in favor of the plaintiff for the amount specified in the summons. See: *National City Bank* v. *De la Torre*, 48 P.R.R. 130; *Martínez* v. *Figueroa*, 50 P.R.R. 908.

The error assigned is without merit and clearly frivolous.

■ That a case of foreclosure of a mortgage by an ordinary action being involved, prayer must be made in the complaint and the judgment must provide that execution be levied first on the property mortgaged, and that only in case the latter be insufficient to cover the claim it may be possible to execute the judgment on other properties of the debtor.

The frivolousness and lack of merit of this assignment appear without the necessity of argument. A mortgage is a subsidiary obligation; and the person in whose favor it has been constituted may disregard the mortgage and proceed to recover on the main obligation by an ordinary action and attach any property of the debtor, without thereby waiving or extinguishing the mortgage security, which subsists until the debt secured has been paid. *Fossas* v. *National City Bank*, 50 P.R.R. 312.

■ That the judgment is erroneous in so far as it grants to the plaintiff interest after maturity.

Plaintiff alleged that defendant had failed to pay interest from April 19, 1935, and demanded judgment for the interest accrued up to December 31, 1936, amounting to $100. In

the summons it was stated that plaintiff claimed said sum as interest and defendant was warned that if she failed to appear and answer the complaint within the legal term, judgment would be rendered against her for said sum. The defendant by failing to appear and permitting that judgment by default be entered against her, admitted the right of plaintiff to recover said interest, and can not now on appeal raise the question as to whether or not the plaintiff was so entitled. The complaint in this case alleged sufficient facts to justify the judgment appealed from.

The appeal must be dismissed as frivolous, and the appellant taxed with the costs, which must include the sum of $50 as attorney's fees on this appeal.